FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 27 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JOSE MEJICANOS and DANIEL RODRIGUEZ,

Plaintiffs,

-against-

THE CITY OF NEW YORK, DET. MICHAEL SCOLOVENO, Shield No. 5901, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown)

Defendants.

----------------------------------------------------------------X

CV 11 - 4702

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

TOWNES, J.
POHORELSKY, M.J.

SUMMONS ISSUED

Plaintiffs JOSE MEJICANOS and DANIEL RODRIGUEZ, by their attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff JOSE MEJICANOS is a Hispanic male and has been at all relevant times a resident of the City and State of New York.

7. Plaintiff DANIEL RODRIGUEZ is a Hispanic male and has been at all relevant times a resident of the City and State of New York.

8. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

10. At all times hereinafter mentioned, the individually named defendants DET. MICHAEL SCOLOVENO and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

14. On or about March 12, 2011 at approximately 5:20 p.m., plaintiffs JOSE MEJICANOS and DANIEL RODRIGUEZ were lawfully present on DANIEL RODRIGUEZ's property in front of 331 Grant Avenue in Kings County in the City and State of New York.

15. At the aforesaid time and place defendant officers approached plaintiff JOSE MEJICANOS, immediately arrested him, handcuffing his arms tightly behind his back, and charged him with Attempted Tampering with Physical Evidence, Obstructing Governmental Administration, and Consumption of Alcohol in Public.

16. At the aforesaid time and place defendant officers approached plaintiff DANIEL RODRIGUEZ, immediately arrested him, handcuffing his arms tightly behind his back, and charged him with Consumption of Alcohol in Public.

17. At no time on March 12, 2011 did plaintiff JOSE MEJICANOS attempt to tamper with any evidence, obstruct governmental administration, drink any amount of alcohol, in public or otherwise, nor did he act unlawfully in any way.

18. At no time on March 12, 2011 did plaintiff DANIEL RODRIGUEZ consume alcohol in public or behave unlawfully in anyway.

19. At no time on March 12, 2011 did defendants possess probable cause to arrest plaintiff JOSE MEJICANOS.

20. At no time on March 12, 2011 did defendants possess probable cause to arrest plaintiff DANIEL RODRIGUEZ.

21. At no time on March 12, 2011 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff JOSE MEJICANOS.

22. At no time on March 12, 2011 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff DANIEL RODRIGUEZ.

23. As a result of his unlawful arrest plaintiff JOSE MEJICANOS spent approximately twenty-four (24) hours in police custody before the proceedings against him were adjourned in contemplation of dismissal on March 13, 2011.

24. As a result of his unlawful arrest plaintiff DANIEL RODRIGUEZ spent approximately twenty-four (24) hours in police custody before the proceedings against him were adjourned in contemplation of dismissal on March 13, 2011.

25. As a result of the foregoing, plaintiffs JOSE MEJICANOS and DANIEL RODRIGUEZ sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

**FIRST CLAIM FOR RELIEF**
**<u>DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983</u>**

26. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiffs JOSE MEJICANOS and DANIEL RODRIGUEZ of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of

the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

32. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

34. As a result of the foregoing, plaintiffs' liberty were restricted for extended periods of time, they was put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**THIRD CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are

not limited to, the following unconstitutional practices:

i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

38. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

39. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

40. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

41. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

42. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs JOSE MEJICANOS's and DANIEL RODRIGUEZ's constitutional rights.

43. The acts complained of deprived plaintiffs of their rights:

i. Not to be deprived of liberty without due process of law;

ii. To be free from seizure and arrest not based upon probable cause;

iii. To be free from unlawful search;

iv. Not to have summary punishment imposed upon them; and

v. To receive equal protection under the law.

44. As a result of the foregoing, plaintiffs are entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and are further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a). an order awarding compensatory damages in an amount to be determined at trial;

(b). an order awarding punitive damages in an amount to be determined at trial;

(c). reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

(d). directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
September 26, 2011

BY:____________________
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 374-9115
jfitch@cohenfitch.com